

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. Joe Nelson
Chief Accountant
Board of County and District
  Road Indebtedness
Austin, Texas

Dear Sir:

Opinion Number O-4738
Re: Are the bonds issued in
1912 and 1919 in Hardin
County eligible to parti-
cipate in the County and
Road District Highway Fund?

We acknowledge receipt of your request for an opinion
as to whether certain bonds of Hardin County are eligible to
participate in the County and Road District Highway Fund,
which request is set forth in your letter as follows:

"In 1912 and again in 1919 a county issued
bonds to be used in the construction of roads.
A portion of the funds of both issues were used
in the construction of roads that were county
lateral roads.

"Later in 1938 this county issued more bonds
to build a new concrete road over the same route
as the original road constructed from funds from
the proceeds of bonds issued in 1912 and 1919.

"On February 13, 1940, the State Highway De-
partment passed Minute No. 17043 which reads as
follows:

" ' In Hardin County it is ordered that a
Highway be designated from an intersection
with U.S. Hy. #59 at Silsbee extending West
to an intersection with U.S. Hy. #69, South
of Kountze, a distance of approximately 6.2
miles; and

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mr. Joe Nelson - page #2

" ' It is further ordered that State main-
tenance be assumed on the existing road
covered by this designation at such time as
Hardin County shall have furnished title to
the State of Texas to a R.O.W. as may be con-
sidered necessary by the State Highway Engineer
and on further consideration that Hardin County
shall place this road in a proper state of main-
tenance acceptable to the State Highway Engineer
prior to State assumption of same.'

"In view of this fact, please advise us if in
your opinion the bonds issued in 1912 and 1919 are
eligible to participate in the County and Road Dis-
trict Highway Fund."

It appears from the above quoted minute of the High-
way Department that the designation of 6.2 miles of highway
was a conditional designation, and it is not shown that the
conditions imposed therein have ever been complied with.
This is a question of fact that must be determined by the
Highway Department.

In our Opinion No. O-1942 it was held that the public
road of a county does not become a part of the designated
State Highway System until it has been officially taken over
by the Highway Commission for maintenance purposes.

Section 6 of House Bill No. 6, Acts of the First Call-
ed Session of the Forty-seventh Legislature, contains the fol-
lowing paragraph:

"All bonds, warrants or other legal evidences
of indebtedness outstanding as of date of the de-
signation hereinafter referred to, and issued by
a county or defined road district prior to January
2, 1939, insofar as amounts of same were issued
and the proceeds actually expended in the construc-
tion of roads that have been officially designated
as a part of the State Highway System subsequent to

Mr. Joe Nelson, page #3

January 2, 1939, shall be eligible to participate in the distribution of the moneys coming into said County and Road District Highway Fund as of the date of designation of said road as a part of the State Highway System. The amount of such bonds, warrants, or other legal indebtedness outstanding as of the date of designation of such road as a part of the State Highway System shall be eligible for participation in the same manner as provided for other bonds under this Act."

If the Highway Commission has determined that the conditions imposed in its Minute No. 17043, dated February 13, 1940, have been complied with, and the State has taken over the maintenance of the road mentioned, and further finds that portions of the funds of the 1912 and 1919 issues were actually expended on this particular road, the bonds of both issues outstanding as of the date of the designation of said road as a part of the State Highway System, insofar as same were issued and the proceeds actually expended in the construction of the 6.2 miles of road mentioned in said Minute No. 17043, are, in our opinion, eligible to participate in the County and Road District Highway Fund.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By          C. F. Gibson

C. F. Gibson
Assistant

CFG-a

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN